20756--Purrill D. Trepanier v. Toledo & Ohio Central Ry. Co. Motion for Lucas Appeals to certify. Overruled. Dock. 5 Abs. 596.

27757--Samuel Franklin Henderson v. John Q. Shunk, trustee. Motion for Crawford Appeals to certify. Overruled. Dock. 5 Abs. 656.

20762—G. E. Parker et v. A. J. Kane. Motion for Lake Appeals to certify. Overruled. Dock. 5 Abs. 656.

---

## No. 910

## WADE v. TARBILL.

Common Pleas Court, Trumbull County.

Dec. Nov. 25, 1927.

Editor's Note—This suit was brought by Clifford B. Wade, against Leslie Tarbill as field veterinarian of the State Department of Agriculture, to enjoin the test, quarantine and slaughter of any of plaintiff's herd of pure bred shorthorn cattle. The law in the case, as laid down by Judge Hay, is as follows:

By Editorial Staff.

**291. CONSTITUTIONAL LAW — 1104.** Statutes—Sections 1121-1 to 1121-25, commonly known as "Riggs Law" held constitutional.

**55. AGRICULTURE**—Department of, acting under authority of 1121 14 GC., has no authority to adopt rule fixing method or determining value of cattle reacting to tuberculin test, other than provided in 1121-1 to 1121-25 GC.

**397b. DISEASED LIVESTOCK—639.** Injunction—is proper remedy, not to prevent tuberculin test, or quarantine of tubercular cattle, but to restrain condemnation and destruction without payment of value, as determined by appraisal provided in 1121-10 GC., provided legislature has appropriated money therefor.

HAY, J.

Sections 1121-1 to 1121-25 of the General Code of Ohio, commonly known as the "Riggs Law," are constitutional, being a reasonable exercise of the police power in the interest of the public health.

In the enactment of the above sections the general assembly adopted a policy of indemnity and its manifest intention was to pay to the owner of tubercular cattle their real value at the time they were condemned and taken for slaughter.

The general assembly, itself, having by section 1121-10 of the General Code provided just how the value of all cattle reacting to the tuberculin test shall be determined in order to secure indemnity, the state department of agriculture, acting under authority of Section 1121-14, has no authority to adopt a rule fixing a different method of determining such value, or to fix a maximum price for either grade or pure bred cattle. Any such rule is in conflict with the statute and void.

When the circumstances are such that the owner of cattle about to be tested by an authorized veterinarian of the department of agriculture, has reasonable grounds to believe reactors will be found in his herd, injunction is a proper remedy not to prevent the tuberculin test, or the quarantine of tubercular cattle, but to restrain the condemnation and destruction of the cattle reacting to such test, without payment of the value of such reactors as determined by the appraisal provided in Sec. 1121-10 of the General Code, provided the legislature has appropriated money therefor.

---

## ABSTRACT REPORTS BEST AUTHORITY

In the court opinions now published in the Abstract, except as to some cases which were written up week's ago, where possible the statements of facts are separated from that of the law. This enables the latter to be expressed in the language of the court and makes the Abstract Reports carry as high authority judicially, as if they were copied by our editor in entirety. As nothing is omitted which presents an essential part of the declaration of the law as announced, our reports become as clear, terse, veritable and reliable a brief of the law, (really of greater worth as a precedent), as if presented verbatim. Hence the Bench and Bar may consult the Abstract Reports, use them in their arguments, and cite them in their briefs, and judges may quote liberally from them, without hesitation or doubt as to their being an authentic replica of the res judicata of the case.

If You Have

## ANY SUGGESTIONS

## IN MIND

That You Think Will

## HELP THE

## ABSTRACT

SEND THEM IN.

We Will Thank You Kindly.